JOHN M. SORICH (CA Bar No. 125223)
jsorich@AlvaradoSmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@AlvaradoSmith.com
JENNY L. MERRIS (CA Bar No. 246088)
jmerris@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. AN ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FEDERAL DEPOSIT
INSURANCE CORPORATION ACTING AS RECEIVER; and
CHASE HOME FINANCE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE MUNAR ASUNCION and MARIA ESTRELLA C. ASUNCION, <br><br> Plaintiffs, <br><br> v. <br><br> JP MORGAN CHASE BANK, NA, UNITED STATES OF AMERICA, CHASE HOME FINANCE, LLC, SAN MATEO COUNTY RECORDER, and JOHN DOES 1 through 10, <br><br> Defendants. | CASE NO.: CV10-04357 JSW <br><br> **JUDGE:**   Hon. John S. White <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **DEPT:**   "11", 19th Floor <br> **DATE:**   January 7, 2011 <br> **TIME:**   9:00 a.m. <br><br> **Action Filed:** May 14, 2010 |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2011, at 9:00 a.m., or as soon thereafter as the

matter may be heard in Courtroom "11", 19th Floor of the above-entitled court, located at 450

Golden Gate Ave., San Francisco, CA 95102, defendants JPMorgan Chase Bank, N.A., an acquirer

of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance

1155767.1

1    Corporation acting as receiver ("JPMorgan") and Chase Home Finance LLC ("Chase" and

2    collectively "Defendants"), will move the court to dismiss the action pursuant to Federal Rules of

3    Civil Procedure ("FRCP") 12(b)(6) and for more definite statement under FRCP 12(e) on the

4    grounds that the Complaint of plaintiffs Lawrence Munar Asuncion and Maria Estrella C. Asuncion

5    (collectively "Plaintiffs") fails to state a claim upon which relief can be granted.

6         This Motion is based on the following grounds:

7         1.    The entire Complaint is vague and uncertain pursuant to FRCP 12(e).

8         2.    The first cause of action for "Multiple Violations of Federal and State Consumer

9    Laws" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

10        3.    The second cause of action to "Quiet Title" fails to state facts sufficient to constitute a

11   claim for relief pursuant to FRCP 12(b)(6).

12        4.    The third cause of action for "Slander of Title/Fraudulent Inducement" fails to state

13   facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

14        5.    The fourth cause of action for "Fraudulent Concealment" fails to state facts sufficient

15   to constitute a claim for relief pursuant to FRCP 12(b)(6).

16        6.    The fifth cause of action for "Negligent Misrepresentation" fails to state facts

17   sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

18        The motion will be based on this Notice of Motion, the Memorandum of Points and

19   Authorities filed herewith, the Request for Judicial Notice, and the pleadings and papers filed herein.

20

21

22

23

24

25   ///

26   ///

27   ///

28   ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1155767.1

1        <u>Counsel for Defendants "met and conferred" with Plaintiffs regarding the grounds for this</u>

2   <u>Motion to Dismiss on October 15, 2010.  Therefore, Defendants met the requirements of Local Rule</u>

3   <u>7-3</u>.  *See*, Local Rule 7-3.

4

5   DATED:  November 23, 2010         ALVARADOSMITH
                    A Professional Corporation

6

7

                    By:  /s/ S. Christopher Yoo

8                           JOHN M. SORICH
                        S. CHRISTOPHER YOO

9                           JENNY L. MERRIS
                        Attorneys for Defendants

10                          JPMORGAN CHASE BANK, N.A. AN
                        ACQUIRER OF CERTAIN ASSETS AND

11                          LIABILITIES OF WASHINGTON MUTUAL
                        BANK FROM THE FEDERAL DEPOSIT

12                          INSURANCE CORPORATION ACTING AS
                        RECEIVER; and CHASE HOME FINANCE

13                          LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS

1155767.1

I.      SUMMARY OF ARGUMENT ............................................................................1

II.     SUMMARY OF RELEVANT FACTS ............................................................1

III.    STANDARD FOR A MOTION TO DISMISS ...............................................2

IV.     JPMORGAN DID NOT ASSUME LIABILITY FOR BORROWER'S CLAIMS
        RELATING TO WAMU LOANS ..................................................................2

V.      THE COMPLAINT IS VAGUE AND UNCERTAIN, AND THEREFORE,
        PLAINTIFFS MUST PROVIDE MORE DEFINITE STATEMENT UNDER RULE
        12(e) ...............................................................................................................4

VI.     PLAINTIFFS' CLAIM FOR "MULTIPLE VIOLATIONS OF FEDERAL AND
        STATE CONSUMER LAWS" FAILS ...........................................................5

        A.      Plaintiffs' Claim for Violation of TILA Fails ...............................5

                1.      Plaintiffs' Claim For TILA Damages Is Barred By The Statute Of
                        Limitations ...............................................................................5

                2.      Plaintiff Is Not Entitled To Rescission Because the Claim Is Time-
                        Barred .......................................................................................6

        B.      Plaintiffs' Claim for Unconscionability Fails ...............................7

VII.    PLAINTIFFS' CLAIM TO "QUIET TITLE" FAILS ...................................7

VIII.   PLAINTIFFS' CLAIM FOR "SLANDER OF TITLE/FRAUDULENT
        INDUCEMENT" FAILS ................................................................................11

IX.     PLAINTIFFS' CLAIM FOR "FRAUDULENT CONCEALMENT FAILS" FAIL .........12

X.      PLAINTIFFS' CLAIM FOR "NEGLIGENT MISREPRESENTATION" FAILS ...........13

XI.     CONCLUSION ..............................................................................................15

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

MEMORANDUM OF POINTS AND AUTHORITIES

1155767.1

**Cases**

*A & M Produce Co. v. FMC Corp.*,
  135 Cal.App.3d 473, 486 (1982). ................................................................................. 7

*Aguilar v. Bocci*,
  39 Cal.App.3d 475 (1974) .......................................................................................... 9

*Alliance Mortgage Co. v. Rothwell*,
  10 Cal. 4th 1226, 1235 (1995) ................................................................................... 9

*Arnolds Management Corp. v. Eischen*,
  158 Cal.App.3d 575, 578 (1984) ................................................................................ 8

*Bank of Italy etc. Assn. v. Bentley*,
  217 Cal. 644, 657 (1933) ............................................................................................ 9

*Bartold v. Glendale Fed'l Bank*,
  81 Cal. App. 4th 816, 821 (2000) ............................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
  127 S.Ct. 1955, 1959 (2007) ...................................................................................... 2

*Candelo v. Ndex West, LLC*, No.,
  2008 WL 5382259, at 4 (E.D.Cal. Dec.23, 2008) ................................................... 10

*Cassese v. Washington Mutual Bank*,
  2:05-cv-02724-ADS-ARL, slip op. at 6 (E.D.N.Y. Dec. 22, 2008) ............................ 4

*Cellars v. Pacific Coast Packaging, Inc.*,
  189 FRD 575, 578 (ND CA 1999) .............................................................................. 4

*Children's Television, Inc. v. General Foods Corp.*
  35 Cal.3d at 216 (1983) ........................................................................................... 14

*Connors v. Home Loan Corp.*,
  Case No. 08cv1134-L(LSP) 2009 WL 1615989 (June 9, 2009 S.D.Cal.)................... 11

*Desaigoudar v. Meyercord*
  223 F3d 1020, 1022–1023 (9th Cir. 2000) ............................................................... 14

*Dool v. The First National Bank Of Calexico*,
  207 Cal. 347, 351-352 (1929) .................................................................................... 8

*Ephraim v. Metropolitan Trust Co.*,
  28 Cal.2d 824, 833 (1946) .......................................................................................... 8

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
  525 F.Supp. 940, 949 (E.D. CA 1981) ....................................................................... 4

*Fox v. Pollack*,
  181 Cal.App.3d 954, 962 (1986) .............................................................................. 13

*Handy v. Shiells*,
  190 Cal App 3d 512 (1987) ........................................................................................ 8

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

*Hill Trans. Co. v. Southwest Forest Industries Inc.*
  266 Cal.App.2d 702, 707 (1968) ................................................................................... 15

*Hilton v. Washington Mutual Bank,*
  Case no. 3:09-cv-01191-SI (Northern District of California Oct. 28, 2009) ..................... 4

*Homestead Sav. v. Darmiento,*
  230 Cal. App. 3d 424 (1991) ................................................................................... 9, 10

*Howard v. Schaniel,*
  113 Cal.App.3d 256, 263-264 (1980) ............................................................................ 11

*In re Barr,*
  188 B.R. 565, 570 (Bkrtcy.N.D.Ill.,1995) ...................................................................... 14

*In Re GlenFed Inc. Securities Litigation,* ("*GlenFed*")
  42 F.3d 1541, 1547 (1994) ............................................................................................. 14

*King v. Atiyeh,*
  814 F.2d 565,567 (9th Cir. 1987) ..................................................................................... 4

*Kroeker v. Hulbert,*
  38 Cal.2d 261 (1940) ........................................................................................................ 8

*Laborers' Pension Fund v. Blackmore Sewer Constr.,*
  298 F.3d 600, 607 (7th Cir. 2002) ................................................................................... 3

*Lazar v. Superior Court (Rykoff-Sexton, Inc.),*
  12 Cal.4th 631, 645 (1996) ............................................................................................ 13

*McDonald v. Smoke Creek Live Stock Co.,*
  209 Cal. 231 (1930) .......................................................................................................... 9

*Moeller v. Lien,*
  25 Cal. App. 4th 822 (1994) ...................................................................................... 9, 10

*Moss Estate Co. v. Adler,*
  41 Cal.2d 581 (1953) ........................................................................................................ 8

*Mullis v. U.S. Bankr. Court,*
  828 F.2d 1385, 1388 (9th Cir. 1987) ............................................................................... 3

*Murray v. Fifth Third Bank,* Slip Copy,
  2007 WL 956916 (E.D.Mich., 2007) ............................................................................... 6

*Nymark v. Heart Federal Savings & Loan Association*
  231 Cal.App.3d at 1096 ................................................................................................. 12

*O'Brien v. O'Brien,*
  197 Cal. 577, 585 (1925) ................................................................................................. 9

*Price v. Wells Fargo Bank*
  213 Cal.App.3d 465, 476 (1989) ................................................................................... 12

*Pueblo of Sandia v. United States,*
  50 F.3d 856, 862 n.6 (10th Cir. 1995) ............................................................................. 3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

iii
MEMORANDUM OF POINTS AND AUTHORITIES

1155767.1

*Putkkuri v. ReconTrust Co.,*
   2009 WL 32567, at 2 (S.D.Cal. Jan.5, 2009) ................................................................ 10

*Robinson Helicopter, Inc. v. Dana Corp.*
   34 Cal.4th 979, 993 (2004) ......................................................................................... 13

*Seeley v. Seymour,*
   190 Cal.App.3d 844, 858 (1987) ................................................................................ 11

*Service by Medallion, Inc. v. Clorox Co.*
   (1996) 44 Cal. App. 4th 1807, 1818 (1996) ............................................................... 14

*Sicairos v. NDEX West, LLC,*
   2009 WL 385855, *3 (S.D.Cal.2009) ........................................................................ 11

*Sly v. Abbott,*
   89 Cal.App. 209, 216 (1928) ....................................................................................... 8

*Stansfield v. Starkey,*
   220 Cal.App.3d 59, 73 (1990) .................................................................................... 14

*Swartz v. KPMG LLP*
   476 F3d 756, 764–765(9th Cir. 2007) ....................................................................... 15

*Tarmann v. State Farm Mutual Auto Insurance Co.,*
   2 Cal.App.4th 153, 157 (1991) .................................................................................. 14

*Tucker v. Beneficial Mortg. Co.,*
   437 F.Supp.2d 584, 589 (E.D.Va. 2006) ..................................................................... 6

*Veal v. First Am. Sav. Bank*
   914 F.2d 909, 913 (7th Cir.1990)) ............................................................................. 14

*Yelomalakis v. FDIC,*
   562 F.3d 56, 60 (1st Cir. 2009) ................................................................................... 3


**Statutes**

15 U.S.C. § 1601 ................................................................................................................. 5

15 U.S.C. § 1635(f) ............................................................................................................. 7

15 U.S.C. § 1640(e) ............................................................................................................ 6

Cal. Civ. Code § 47 ........................................................................................................... 11

Cal. Civ. Code § 761.020 ..................................................................................................... 7

Cal. Civ. Code § 1227 ......................................................................................................... 8

Cal. Civ. Code § 1670.5 ....................................................................................................... 7

Cal. Civ. Code § 1670.5(a) ................................................................................................... 7

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

iv

Cal. Civ. Code § 1710 ........................................................................................................ 12

Cal. Civ. Code § 2923 ........................................................................................................ 10

Cal. Civ. Code § 2923.6 ....................................................................................................... 2

Cal. Civ. Code § 2924 ........................................................................................................ 10

Cal. Civ. Code § 2924a(1) ............................................................................................ 10, 11

Cal. Civ. Code § 2924a(4) .................................................................................................. 10

Cal. Civ. Code § 2924b(b)(4) ............................................................................................. 10

Cal. Civ. Code § 2924 – 2924i .............................................................................................. 9

Cal. Civ. Code, § 3343 ....................................................................................................... 13

Cal. Civ. Code § 3412 .......................................................................................................... 8

**Other Authorities**

CEB, California Mortgage and Deed of Trust Practice, §12.47A ........................................ 5

**Rules**

FRCP R. 9(b) ...................................................................................................................... 14

FRCP R. 12(b)(6) .................................................................................................................. 2

FRCP R. Evid. 201(b) ........................................................................................................... 3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1155767.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver ("JPMorgan") and Chase Home Finance LLC ("Chase" and collectively "Defendants"), submit the following Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint of plaintiffs Lawrence Munar Asuncion and Maria Estrella C. Asuncion (collectively "Plaintiffs").

## I.   SUMMARY OF ARGUMENT

Plaintiffs' Complaint arises out of purported wrongdoing that occurred during the origination of a loan obtained in connection with the property located at 1156 Barcelona Drive, Pacifica, California 94044 ("Subject Property"), and the subsequent failure to demonstrate standing to commence foreclosure proceedings against the Subject Property.  Plaintiffs assert five causes of action against Defendants, all of which fail to sufficiently state a claim against Defendants. Initially, Plaintiffs' claims fail as asserted against JPMorgan because JPMorgan cannot be held liable for conduct engaged in by Washington Mutual Bank prior to September 25, 2008.  Further, Chase, as the loan servicer under the subject loan, had no involvement in the origination of the subject loan. Moreover, Plaintiffs fail to satisfy the requisite elements of each of the claims as well as provide factual allegations to state a cognizable cause of action.  As will be demonstrated in detail below, Plaintiffs' claims fail and are subject to dismissal.  Accordingly, Defendants' Motion to Dismiss should be granted in its entirety and Plaintiffs' claims should be dismissed without leave to amend.

## II.   SUMMARY OF RELEVANT FACTS

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- The real property that is the subject of this dispute is located at 1156 Barcelona Drive, Pacifica, California 94044 (previously defined as "Subject Property").  *See* Complaint, ¶ 3.1.
- Plaintiffs obtained a residential loan in the sum of $900,000.00 ("Loan").  The Loan was secured by a Deed of Trust ("DOT") encumbering the Subject Property that was recorded on July 25, 2006, with the San Mateo County Recorder's Office as instrument number 2006-110150.  The DOT identifies Washington Mutual Bank, FA ("WaMu") as the lender and beneficiary, California Reconveyance Company ("CRC") as the trustee, and Plaintiffs as the borrowers.  *See* Request for Judicial Notice ("RJN"), Exhibit 1.
- Plaintiffs obtained a home equity line of credit with a maximum credit limit of $174,000.00 ("HELOC").  The HELOC was secured by a deed of trust ("HELOC DOT")

encumbering the Subject Property that was recorded on December 18, 2006, with the San Mateo County Recorder's Office as instrument number 2006-190847. The HELOC DOT identifies WaMu as the lender and beneficiary, CRC as the trustee, and Plaintiffs as the borrowers. *See* RJN, Exhibit 2.

- A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on June 8, 2010, with the San Mateo County Recorder's Office as instrument number 2010-062162. Pursuant to the NOD, as of June 1, 2010 the Loan was in arrears in the amount of $30,713.03. *See* RJN, Exhibit 3.

- A Notice of Trustee's Sale was recorded on September 9, 2010, with the San Mateo County Recorder's Office as instrument number 2010-103178. *See* RJN, Exhibit 4.

- JPMorgan acquired certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, including Washington Mutual Bank's interest in the loans that are the subject of this action, pursuant to the Purchase and Assumption Agreement between the FDIC and JPMorgan dated September 25, 2008. *See* RJN, Exhibit 5.

## III.   STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV.   JPMORGAN DID NOT ASSUME LIABILITY FOR BORROWER'S CLAIMS RELATING TO WAMU LOANS

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver. On the same date, JPMorgan entered into a purchase and assumption agreement with the FDIC acting in its corporate capacity as well as receiver for WaMu. *See* RJN, Exhibit 5.

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

2

This agreement is a matter of public record since the FDIC is a governmental entity and can be downloaded from http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.[1] Under Section 2.5 of the Purchase and Assumption Agreement ("P&A Agreement"), JPMorgan did not assume liability for borrower claims related to loans or commitments to lend made by WaMu:

> **2.5     Borrower Claims.** Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure [September 25, 2008], or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank [Chase].

The P&A Agreement in this case has been addressed by Federal Courts. These courts have held that the FDIC retained liability for borrower claims relating to any WaMu loans and lending activities. In denying a plaintiff's motion to substitute JPMorgan as a party in a lawsuit originally brought against WaMu, the U.S. Court of Appeals for the for the First Circuit held that the FDIC was the real party in interest:

> When Washington Mutual failed, [JP Morgan acquired many assets but its agreement with the FDIC retains for the FDIC 'any liability associated with borrower claims for payment or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower's.' Thus, the FDIC was and remains the appropriate party in interest.

*Yelomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009).

Thus, by the terms of the P&A Agreement,  "JPMorgan Chase expressly disclaimed assumption of liability arising from borrower claims ... [t]his section leaves the FDIC as the

---

[1]   The Court may take judicial notice of this Agreement, which is published on the FDIC's official website at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf. *See* Fed. R. Evid. 201(b) (court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Pueblo of Sandia v. United States*, 50 F.3d 856, 862 n.6 (10th Cir. 1995) (court may take judicial notice of official government reports and publications); *Laborers' Pension Fund v. Blackmore Sewer Constr.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from FDIC's official website); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.").

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1  responsible party with respect to those claims." *Cassese v. Washington Mutual Bank,* 2:05-cv-

2  02724-ADS-ARL, slip op. at 6 (E.D.N.Y. Dec. 22, 2008) (interpreting same P & A Agreement).

3      Here, Plaintiffs obtained the Loan which was secured by the DOT recorded on July 25, 2006,

4  more than two years prior to the closing of WaMu.  *See* RJN, Exhibit 1.  The DOT identifies WaMu

5  as the lender and beneficiary.  *Id.*  Accordingly, while Plaintiffs might be able to maintain claims

6  against the FDIC-Receiver for actions taken by WaMu arising out of the origination of the Loan,

7  Plaintiffs cannot maintain their claims against JPMorgan.  *Hilton v. Washington Mutual Bank*, Case

8  no. 3:09-cv-01191-SI (Northern District of California Oct. 28, 2009) at p. 4-5 and fn. 5.

9      Thus, under the express terms of the P&A Agreement, JPMorgan did not assume any liability

10  for borrowers' claims for damages or other relief arising out of WaMu's loans made prior to

11  September 25, 2008.  Therefore, Plaintiffs' claims arising out of purported wrongdoing during the

12  origination of the Loan fail as asserted against JPMorgan.

13  **V.    THE COMPLAINT IS VAGUE AND UNCERTAIN, AND THEREFORE,**

14  **PLAINTIFFS MUST PROVIDE MORE DEFINITE STATEMENT UNDER RULE**

15  **12(e)**

16      Rule 12(e) of FRCP states in relevant part:

17          "If a pleading to which a responsive pleading is permitted is so vague or
            ambiguous that a party cannot reasonably be required to frame a responsive
18          pleading, the party may move for a more definite statement before
            interposing a responsive pleading."

19  *See also, Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal. 1981); *Cellars*

20  *v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D.Cal. 1999).  In addition, "[t]hat a plaintiff

21  is proceeding *in pro per* does not render the rules of the Court inapplicable." *King v. Atiyeh,* 814

22  F.2d 565,567 (9th Cir. 1987) (*Pro per* litigants must follow the same procedural rules as represented

23  parties).

24      Here, the Complaint fails to allege any fact to support any of the claims alleged.  *See*

25  Complaint.  There are no facts as to what purported actionable conduct Defendants engaged in that

26  makes them liable to Plaintiffs.  Further, Plaintiffs fail to identify the party or parties against whom

27  the claims are alleged against.  The Complaint therefore fails to provide notice to Defendants as to

28  the claims being alleged against them and the purported actionable conduct they committed that

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4

1155767.1

1 | makes them liable to Plaintiffs.  Accordingly, the Complaint is vague and unintelligible, and

2 | Plaintiffs must, at minimum, be ordered to provide a more definite statement.

3 | **VI.   PLAINTIFFS' CLAIM FOR "MULTIPLE VIOLATIONS OF FEDERAL AND**

4 | **STATE CONSUMER LAWS" FAILS**

5 | In support of this claim, Plaintiffs allege that Defendants engaged in predatory lending

6 | practices.  Predatory lending is a term used to describe a wide range of unfair financial practices.  It

7 | is not a single cause of action arising from any statutory or common law basis.  Rather, "predatory

8 | lending" describes a "growing and increasingly amorphous set of problems."  CEB, California

9 | Mortgage and Deed of Trust Practice, §12.47A.  Plaintiffs conclusively allege that Defendants

10 | engaged in "fraudulent practices that conceal the facts of the borrower's obligation and/or

11 | income…making a loan that the borrower cannot afford to repay…imposing a prepayment penalty

12 | on a loan without providing benefit to the borrower[.]"  *See* Complaint, ¶ 8.6.  Initially, it should be

13 | noted that Plaintiffs' allegations relate to purported wrongdoings that occurred during the origination

14 | of the Loan.  However, as stated above, JPMorgan cannot be held liable for the purported

15 | wrongdoing of WaMu, which originated the Loan.  *See* RJN, Exhibits 1, 5.  Further, Chase was not

16 | involved in the origination of the Loan.  *See* RJN, Exhibit 1.  As such, any allegations arising out of

17 | the Loan origination fail as against JPMorgan and Chase.  Moreover, it is entirely unclear what

18 | specific "federal and state consumer laws" Defendants violated.

19 | **A.   Plaintiffs' Claim for Violation of TILA Fails**

20 | Plaintiffs make reference to various violations of the Truth in Lending Act ("TILA"), 15

21 | U.S.C. § 1601 *et seq.*  Assuming *arguendo* that Plaintiffs are attempting to assert a claim for

22 | violation of TILA, Plaintiffs claim would fail.  As stated above, JPMorgan and Chase were not

23 | involved in the origination of the Loan and therefore cannot be held liable for a violation of TILA.

24 | Nevertheless, Plaintiffs' claim would fail for the following reasons.

25 | **1.   Plaintiffs' Claim For TILA Damages Is Barred By The Statute Of**

26 | **Limitations**

27 | If Plaintiffs are seeking damages for the purported violation of TILA, Plaintiffs' damage

28 | claim under TILA is barred by the statute of limitations.  Civil penalties under TILA are subject to a

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

one-year statute of limitations.  15 U.S.C. § 1640(e).  Section 1640(e) states, in part:

> "Any action under this section may be brought in any United States
> district court, or in any other court of competent jurisdiction, within <u>one
> year from the date of the occurrence of the violation</u>." (Emphasis added).

In *Tucker v. Beneficial Mortg. Co*., 437 F.Supp.2d 584, 589 (E.D.Va. 2006), the Court

granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages,

attorney costs and fees, and forfeiture of the tender because plaintiffs filed their claim after the

expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute

of limitations period applying to claims for civil damages arising from TILA violations begins to run

from the date of the complained of violation.  If the violation is one of disclosure in a closed-end

credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff

enters the loan agreement.

Here, the date of the loan transaction is readily apparent from the recorded DOT.  *See* RJN,

Exhibit 1.   The subject transaction occurred in July of 2006.  *Id.*   Thus, any damage claim for

violation of TILA on the basis of disclosure under the Loan expired in July of 2007.  Nevertheless,

Plaintiffs brought this action in September of 2010, more than three years after the one-year statute

of limitations had expired.

For the foregoing reasons, the claim for violation of TILA as asserted against Defendants

fails.

### 2.   Plaintiff Is Not Entitled To Rescission Because the Claim Is Time-Barred

Furthermore, Plaintiffs' claim for rescission of the Loan pursuant to TILA is also fatally

flawed because the claim is time-barred.  "Any claim for rescission must be brought within three

years of consummation of the transaction or prior to the "sale of the sale of the property, whichever

occurs first." 15 U.S.C. § 1635(f); *see also, Murray v. Fifth Third Bank,* Slip Copy, 2007 WL

956916 (E.D.Mich., 2007).  Plaintiffs' right to rescind the Loan has expired because more than three

years have lapsed since consummation of the subject loan transaction.  The subject transaction

occurred in July of 2006, but Plaintiffs brought this action in September of 2010, more than a year

after the 3-year statute of limitations had expired.  *See*, RJN, Exhibit 1.

Accordingly, any TILA claim that Plaintiffs may have had is time-barred. 15 U.S.C. §

1155767.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1635(f).

**B.**   **Plaintiffs' Claim for Unconscionability Fails**

Plaintiffs also make reference to the Loan being unconscionable. *See* Complaint, ¶ 8.12. However, Plaintiffs' contention fails. Under section 1670.5(a), of the *Civ. Code*[2], the concept of "unconscionability has both a 'procedural' and a 'substantive' element." *A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 486 (1982). "The former includes (1) 'oppression,' which refers to an inequality of bargaining power resulting in no real negotiation and the absence of meaningful choice; and (2) 'surprise,' which occurs when 'the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms.' ... 'Substantive' unconscionability consists of an allocation of risks or costs which is overly harsh or one-sided and is not justified by the circumstances in which the contract was made. *Id.*

In this case, Plaintiffs set forth <u>no facts</u> to demonstrate that Defendants engaged in any act of oppression, surprise, or overly-harsh conduct in connection with the originating of the Loan. *See* Complaint, ¶¶ 8.12-8.13. Moreover, Defendants were not involved in the origination of the Loan. Accordingly, Plaintiffs fail to demonstrate that the Loan was unconscionable.

Based on the foregoing, Plaintiffs' claim for "Multiple Violations of Federal and State Consumer Laws" fails and is subject to dismissal.

## VII.   **PLAINTIFFS' CLAIM TO "QUIET TITLE" FAILS**

To state a claim to quiet title, the complaint must be verified and must allege: (1) a legal description of real property and its street address, (2) plaintiffs title as to which a determination is sought and the basis of the title, (3) the adverse claims to the title, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Civ. Proc. §761.020.

Here, Plaintiffs fail to allege the ground upon which this claim is based.   Rather, Plaintiffs

---

[2] Section 1670.5(a) of the *Civil Code*, provides:
(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
Civ. Code § 1670.5.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

7

1155767.1

1  vaguely alleges that Defendants "believe that they have an exclusive right, title and interest in the

2  subject property, which is adverse to my interest, as Plaintiff[.]" *See* Complaint, ¶ 8.108.  Plaintiffs,

3  however, sets forth no facts to challenge the validity of the DOT.  *See, Moss Estate Co. v. Adler,* 41

4  Cal.2d 581 (1953); *Kroeker v. Hulbert*, 38 Cal.2d 261 (1940) ("In actions to cancel a certain

5  instrument it is … essential to allege the facts affecting the validity and invalidity of the instrument

6  which is attacked"); *Sly v. Abbott,* 89 Cal.App. 209, 216 (1928) ("[I]t is well settled that one who

7  relies upon estoppel or other facts of equitable cognizance as a basis for a decree quieting title must

8  allege such facts in his pleading").  Where a plaintiff seeks to assets a quiet title claim which

9  depends upon the cancellation of the instrument, the plaintiff must plead a cancellation claim.  *See,*

10  *Moss Estate Co. v. Adler*, 41 Cal.2d 581 (1953); *Ephraim v. Metropolitan Trust Co.*, 28 Cal.2d 824,

11  833 (1946) (where the complaint is in two counts, one to quiet title, and one to cancel a deed, if the

12  count to quiet title depends upon the cancellation count, the complaint must stand or fail on the

13  cancellation count).  In this case, Plaintiffs set forth no facts to demonstrate that the DOT is

14  cancellable.[3]  Accordingly, the quiet title claim fails.

15      Lastly, Plaintiffs fail to tender the amount due under the DOT in order to quiet title.  *See*

16  Complaint.  Confusingly, Plaintiffs allege that they made a "good faith offer of performance to

17  pay[.]"  *See* Complaint, ¶ 8.110.  However, Plaintiffs also allege that the tender was "dependent

18  upon performance of condition precedent to which I am entitled by the fundamental principles of

19  American Jurisprudence[.]"  *See* Complaint, ¶ 8.114.  This does not qualify as a valid tender.  Under

20  California law, a plaintiff seeking to quiet title must allege tender or an offer of tender of the amount

21  borrowed.  *See, Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578 (1984); *see also,*

22  *Dool v. The First National Bank Of Calexico*, 207 Cal. 347, 351-352 (1929) (affirming decision of

23  court to require reimbursement of monies advanced by bank to deceased, incompetent mortgagor

24

25  _____

26  [3]  Under California Civil Code § 3412, "a written instrument in which there is reasonable
apprehension that if left outstanding it may cause serious injury to a person against who it void or
voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

27  (Emphasis added).  In the context of real estate transactions, a deed may be void or cancelled if it is
made with the intent to defraud prior or subsequent purchasers or encumbrancers (*Civ. Code* §

28  1227), it is forged (*Handy v. Shiells*, 190 Cal App 3d 512 (1987)), or when it is blank, without
designation of a grantee (*Bryce v. O'Brien*, 5 Cal 2d 615 (1936)).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1 | under a deed of trust in an action to quiet title); *O'Brien v. O'Brien,* 197 Cal. 577, 585 (1925)

2 | (finding that, in an action to quiet title, a mortgagor may be required to reimburse the mortgagee for

3 | the unpaid debt based upon a purportedly invalid mortgage).

4 |      A quiet title claim will be denied to the original mortgage who executed the note and fails to

5 | pay it where the borrower does not do in equity to obtain the equitable relief sought. *Aguilar v.*

6 | *Bocci,* 39 Cal.App.3d 475 (1974). In this case, Plaintiffs were the original mortgagees. *See* RJN,

7 | Exhibit 1. Plaintiffs do not, based on a thorough reading of the Complaint, allege that Plaintiffs can

8 | tender the amounts owing under either the DOT. Because Plaintiffs did not make this necessary

9 | allegation, Plaintiff cannot obtain equitable relief and the quiet title action is subject to dismissal.

10 |      Additionally, much of Plaintiffs' claims are predicated on the contention that Defendants not

11 | have standing to conduct non-judicial foreclosure proceedings against the Subject Property, despite

12 | Plaintiffs' default on the Loan. *See* RJN, Exhibit 3. However, Plaintiffs' contention fails.

13 |      California law is clear, if a borrower defaults on the loan and the deed of trust contains a

14 | power of sale clause, the lender can non-judicially foreclose. *McDonald v. Smoke Creek Live Stock*

15 | *Co.,* 209 Cal. 231 (1930). In California, the instrument most commonly used to secure a promissory

16 | note given for a real property loan is a deed of trust. It effectively gives the creditor a lien on the

17 | secured property to satisfy the obligation under the note if it is not paid. *Alliance Mortgage Co. v.*

18 | *Rothwell,* 10 Cal. 4th 1226, 1235 (1995). The borrower executes the promissory note and deed of

19 | trust, thereby transferring an interest in the property to the lender as security for repayment of the

20 | loan. *Bartold v. Glendale Fed'l Bank,* 81 Cal. App. 4th 816, 821 (2000).

21 |      If the deed of trust contains an express provision granting a power of sale—as the deed of

22 | trust in this case does—the beneficiary may pursue nonjudicial foreclosure, often called a "trustee's

23 | sale," under the detailed regulatory provisions of California Civil Code Sections 2924 – 2924i.

24 | *Moeller v. Lien,* 25 Cal. App. 4th 822, 830 (1994). The legal framework governing those nonjudicial

25 | foreclosures or trustee's sales is found in California Civil Code Sections 2924 – 2924i, which is the

26 | "the comprehensive statutory framework established to govern nonjudicial foreclosure sales" and "is

27 | intended to be exhaustive." *Moeller v. Lien,* 25 Cal. App. 4th 822, 834 (1994); *see also Homestead*

28 | *Sav. v. Darmiento,* 230 Cal. App. 3d 424, 432-433 (1991). That statutory scheme specifically

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

9

1155767.1

provides that the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code §2924(a)(1) and 2924b(b)(4) (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." (emphasis added)).

Here, the DOT contains a power of sale in case of Plaintiffs' failure to comply with the Loan. *See* RJN, Exhibit 1, ¶ 22. Upon default by Plaintiffs under the Loan, the NOD was recorded. *See* RJN, Exhibit 3. Subsequently, because Plaintiffs failed to reinstate the Loan, a Notice of Trustee's Sale was recorded. *See* RJN, Exhibit 4.

Plaintiffs also erroneously contends that Defendants are required to hold and/or produce the original note prior to conducting the foreclosure sale against the Subject Property, presumably pursuant to California Commercial Code § 3301. This contention has consistently been rejected by courts. The law is clear: while the holder of the note can enforce the deed of trust whether or not named as the beneficiary or mortgagee (*Civil Code* § 2923), one need not be the "holder of the note" to commence foreclosure.

As shown above, the foreclosure process may be conducted by the "<u>trustee, mortgagee or beneficiary or any of their authorized agents</u>" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." [Emphasis added] Civ. Code § 2924a(1), (4) (emphasis added); *see also Moeller v. Lien*, 25 Cal. App. 4th at 834; *see also Homestead Sav. v. Darmiento*, 230 Cal. App. 3d at 432-433.

Moreover, there is no provision of California law which requires that a party produce an original note as a condition of participating in foreclosure. *See,* Civ. Code § 2924; *see also Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at 2 (S.D.Cal. Jan.5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure"); *Candelo v. Ndex West, LLC*, No., 2008 WL 5382259, at 4 (E.D.Cal. Dec.23, 2008) ("No requirement exists under the statutory framework

ALVARADO SMITH
A PROFESSIONAL CORPORATION
SANTA ANA

to produce the original note to initiate non-judicial foreclosure"); "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Connors v. Home Loan Corp.*, Case No. 08cv1134-L(LSP) 2009 WL 1615989 (June 9, 2009 S.D.Cal.); *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D.Cal.2009) (citing Cal. Civ.Code § 2924(a)(1)).

Accordingly, based on the foregoing, Plaintiffs' contentions in the Complaint fail in their entirety and as such, this claim is subject to dismissal.

## VIII.  PLAINTIFFS' CLAIM FOR "SLANDER OF TITLE/FRAUDULENT INDUCEMENT" FAILS

Plaintiffs' claim for Slander of Title against Defendants fails. The elements for slander of title are: (1) Publication; (2) Absence of justification; (3) Falsity; and (4) Direct pecuniary loss. *See, Seeley v. Seymour*, 190 Cal.App.3d 844, 858 (1987); *Howard v. Schaniel*, 113 Cal.App.3d 256, 263-264 (1980).

Entirely missing from the Complaint are any allegations as to how Defendants slandered title to the Subject Property.  Assuming that Plaintiffs are referring to the NOD and Notice of Trustee's Sale, Plaintiffs' claim would fail as a matter of law because documents recorded with the San Mateo County Recorder are <u>privileged publications</u> pursuant to Section 47 of the *Code of Civil Procedure* ("Section 47").  Section 47 provides that:

> A privileged publication or broadcast is one made:  (a) In the proper discharge of an official duty. (b) In any (1) legislative proceeding,  (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure,…

Thus, pursuant to Section 47, Plaintiffs would not be able to maintain a claim for slander of title in connection with the recording of foreclosure documents against the Subject Property. Additionally, to the extent that Plaintiffs' claim is predicated on the failure to Defendants to "produce the original promissory note" or lack of standing on the part of Defendants to conduct foreclosure proceedings above, Plaintiffs' claim fails as demonstrated above.  *See* Section VII. Accordingly, the claim for slander of title fails and is subject to dismissal.

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

## IX.  **PLAINTIFFS' CLAIM FOR "FRAUDULENT CONCEALMENT FAILS" FAIL**

In support of this claim, Plaintiffs allege that "Defendants acting in its capacity as the Servicer of the Plaintiff's home mortgage loan, has also concealed from the Plaintiffs material facts described in the General Allegations and in the First and Second Cause of Action[.]" *See* Complaint, ¶ 8.127.  However, it should be noted that Plaintiffs' Complaint contains many allegations, many of which do not relate to fraudulent concealment on the part of Defendants.  Those allegations which Defendants presume relate to this claim arise out of the origination of the Loan.  Nevertheless, Plaintiffs' claim for fraudulent concealment fails.

As indicated above, JPMorgan cannot be held liable for the purported wrongdoing of WaMu during the origination of the Loan and Chase was not involved in the origination of the Loan.  As such, Plaintiffs' claim for fraudulent concealment fails.

The elements for fraudulent concealment are: (1) concealment or suppression of material fact; (2) <u>defendant must have been under a duty to disclose the fact to plaintiff</u>; (3) defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) resulting damages.  BAJI No. 12.35 (8th ed.) (emphasis added).  Therefore, liability for concealment is imposed where the Defendants are in a fiduciary or other confidential relationship that imposes a duty of disclosure.  Civil Code § 1710.

Here, Plaintiffs' concealment claim fails as a matter of law because Defendants do not owe a duty of care to Plaintiffs.  In the matter of *Nymark v. Heart Federal Savings & Loan Association*, the Court held:

> "As a general rule, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money…"

*Nymark v. Heart Federal Savings & Loan Association,* 231 Cal.App.3d at 1096.

Further, in *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989), the plaintiffs sought to assert various causes of action against a lender, including a cause of action for tortuous breach of good faith and fair dealing.  The Court, however, held that the tort claim failed because the bank did

12

1155767.1

1    not owe any fiduciary duty to the plaintiffs. Instead, the Court held that:

2    > "It has long been regarded as 'axiomatic that the relationship between a bank and its
3    > depositor arising out of a general deposit is that of a debtor and creditor.' (citation
     > omitted). 'A debt is not a trust and there is not a fiduciary relation between debtor and
4    > creditor as such.' (citation omitted). <u>The same principle should apply with even
     > greater clarity to the relationship between a bank and its loan customers.</u>" (Emphasis
5    > added).

6    As stated throughout this Motion, Defendants were not involved in the origination of the

7    Loan and, thus, could not have concealed facts as to the terms of the loans from Plaintiffs. *See* RJN,

8    Exhibit 1. Moreover, Plaintiffs allege no facts demonstrating that the involvement of Defendants

9    would have exceeded the scope of a traditional role as a lender of money. *See* Complaint, ¶¶ 8.125-

10   8.144. Thus, by law, Plaintiffs fail to and cannot allege facts to satisfy the requirements of a

11   fraudulent concealment claim.

12   ## X.   PLAINTIFFS' CLAIM FOR "NEGLIGENT MISREPRESENTATION" FAILS

13   The elements for negligent misrepresentation are:  1) a representation as to a past or existing

14   material fact; 2) the representation was untrue; 3) the defendant had no reasonable ground for

15   believing it to be true; 4) the representation was made with intent to induce plaintiff to rely on it; 5)

16   the plaintiff was unaware of falsity; and 6) the plaintiff sustained damages. *Fox v. Pollack*, 181

17   Cal.App.3d 954, 962 (1986).

18   The elements of negligent misrepresentation are similar to intentional fraud except for the

19   requirement of scienter. *Charnay v. Cobert*, 145 Cal. App. 4th 170, 482 (2006).  In a claim for

20   negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false

21   statement, but simply one as to which he or she lacked reasonable ground for believing the statement

22   to be true. *Id.*  However, in all fraud claims, including intentional and negligent misrepresentation

23   claims, the particularity requirement necessitates pleading facts that "show how, when, where, to

24   whom, and by what means the representations were tendered." *Lazar v. Superior Court (Rykoff-*

25   *Sexton, Inc.)*, 12 Cal.4th 631, 645 (1996); *Robinson Helicopter, Inc. v. Dana Corp*. 34 Cal.4th 979,

26   993 (2004).  A plaintiff must also specially plead the "detriment proximately caused" by defendant's

27   tortious conduct (Cal. Civ. Code, § 3343).  This requires factual allegations of both the injury or

28   damage suffered and its causal connection with plaintiff's reliance on defendant's representations.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

13

1155767.1

1    *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal. App. 4th 1807, 1818 (1996).

2        The rationale for this strict pleading requirement is not to merely provide notice to the

3    defendant. "The idea seems to be that allegations of fraud involve a serious attack on character, and

4    fairness to the defendant demands that he should receive the fullest possible details of the charge in

5    order to prepare his defense . . . and the policy of liberal construction of the pleadings . . . will not

6    ordinarily be invoked to sustain a pleading defective in any material respect." *Committee on*

7    *Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983).  Thus, each element of

8    fraud must be alleged factually and specifically. *Tarmann v. State Farm Mutual Auto Insurance Co.*,

9    2 Cal. App. 4th 153, 157 (1991).  Thus, when asserting a fraud action against a corporation, a

10   plaintiff must also allege that names of the person or persons who allegedly made the fraudulent

11   representation, their authority to speak, to whom they spoke, what they said or wrote, and when it

12   was said or written. *Id.* (emphasis added).

13       Federal law is in accord.  Federal Rule of Civil Procedure ("FRCP") 9(b) requires a cause of

14   action for fraud to be pled with particularity and "with a high degree of meticulousness."

15   *Desaigoudar v. Meyercord* 223 F3d 1020, 1022–1023 (9th Cir. 2000).  Conclusory allegations

16   without a factual description of the underlying conduct will not satisfy the requirements for pleading

17   fraud with particularity and may warrant dismissal. *In re Barr*, 188 B.R. 565, 570

18   (Bkrtcy.N.D.Ill.,1995), (Citing *Veal v. First Am. Sav. Bank* 914 F.2d 909, 913 (7th Cir.1990)).

19       Rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation

20   on plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc.*

21   *Securities Litigation*, ("*GlenFed*") 42 F.3d 1541, 1547 (1994).  The *GlenFed* court interpreted 9(b)

22   to require allegations not only the time, place and content of the alleged misrepresentation, but also

23   the circumstances indicating false statements:

24           "[t]o allege fraud with particularity a plaintiff must set forth more than the
             mutual facts necessary to identify the transaction.  The plaintiff must set
25           forth what is false or misleading about a statement, and why it is false.  In
             other words, the plaintiff must set forth an explanation as to why the
26           statements or omissions complained are misleading."

27   *Id.* at 1547-48; see also *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); *Hill Trans. Co. v.*

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

14
MEMORANDUM OF POINTS AND AUTHORITIES

1    *Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968).

2          Moreover, where several defendants are sued in connection with an alleged fraudulent

3    scheme, plaintiffs must "inform each defendant separately of the allegations surrounding his alleged

4    participation in the fraud." *Swartz v. KPMG LLP* 476 F3d 756, 764–765(9th Cir. 2007).

5          Here, Plaintiffs' claim for negligent misrepresentation arises out of the origination of the

6    Loan. *See* Complaint, ¶ 8.158.  As stated above, Defendants cannot be held liable for wrongdoing

7    which occurred during the origination of the Loan.  Further, Plaintiffs rely on conclusory allegations

8    which fail to apprise Defendants of the details surrounding the purported misrepresentations.

9    Plaintiffs do not satisfy the particularity requirements by failing to allege who, what, when, where,

10   or what authority these people had on behalf of Defendants to make representations.  Given the

11   failure on the part of Plaintiffs to satisfy the requisite elements of a claim for negligent

12   misrepresentation, Plaintiffs' claim for negligent misrepresentation is subject to dismissal.

## XI.   CONCLUSION

14         For the foregoing reasons, Defendants respectfully request that the Court grant the Motion to

15   Dismiss without leave to amend as to all claims asserted against them.

17   DATED:  November 23, 2010            ALVARADOSMITH
                                          A Professional Corporation

19
20                                        By:   /s/ S. Christopher Yoo
                                             JOHN M. SORICH
21                                           S. CHRISTOPHER YOO
                                             JENNY L. MERRIS
22                                           Attorneys for Defendants
                                             JPMORGAN CHASE BANK, N.A. AN
23                                           ACQUIRER OF CERTAIN ASSETS AND
                                             LIABILITIES OF WASHINGTON MUTUAL
24                                           BANK FROM THE FEDERAL DEPOSIT
                                             INSURANCE CORPORATION ACTING AS
25                                           RECEIVER; and CHASE HOME FINANCE
                                             LLC

26
27
28

1155767.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, NORTHERN DISTRICT COURT OF CALIFORNIA**
Asuncion v. JPMorgan Chase Bank, N.A. et al.
Case No.: CV10-4357
    I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

    ON NOVEMBER 23, 2010, I SERVED THE FOREGOING DOCUMENT DESCRIBED AS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES ON THE INTERESTED PARTIES IN THIS ACTION.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

    **BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

    Executed on November 23, 2010, at Santa Ana, California.

_____
MICHELLE E AULT

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**SERVICE LIST**
Asuncion v. JPMorgan Chase Bank, N.A. et al.
Case No.: CV10-4357

Lawrence Munar Asuncion                    Tel: 415.215.2218
Maria Estrella C. Asuncion
1156 Barcelona Dr.
Pacifica CA 94044

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1155867.1